```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHE' WHITE,

                    Plaintiff,
                                         ORDER
        -against-                        14-CV-5203(JS)(SIL)

NASSAU COUNTY SHERIFF DEPT., and
DRIVER OF VAN 2732 (C.O.) on
6.18.14 approx. 4 pm,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Che' White, pro se
                    14003460
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On September 3, 2014, incarcerated pro se plaintiff Che' White ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Sheriff's Department and an unnamed Nassau County Corrections Officer who is alleged to have driven van 2732 on June 18, 2014 at approximately 4:00 p.m. ("John Doe" and together, "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma

pauperis is GRANTED. However, for the reasons that follow, the claim against the Nassau County Sheriff's Department is sua sponte DISMISSED WITH PREJUDICE and the claim against the "John Doe" is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[1]

Plaintiff's brief, handwritten Complaint, submitted on the Court's Section 1983 complaint form, alleges that, on June 18, 2014, he was injured when the corrections van in which he was riding rear-ended the vehicle in front of it. (Compl. ¶ IV.) More specifically, Plaintiff claims that he was "jerked forward on impact" and because of the way in which he was handcuffed, his left shoulder, neck, and back were injured. (Compl. ¶ IV.) Plaintiff further claims that his left knee was injured because it hit the seat in front of him. (Compl. ¶ IV.) Plaintiff claims that the officer driving the van did not stop to check on the inmates after the accident and that "medical treatment wasn't given until one hour later." (Compl. ¶¶ IV, IV.A.) According to Plaintiff, although the van was closest to Winthrop Hospital at the time of the accident, medical care was withheld until the van returned the inmates to the Nassau County Correctional Center. (Compl. ¶ IV.A.) Accordingly, Plaintiff seeks an unspecified sum as "compensation" for his alleged injuries. (Compl. ¶ V.)

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  The Court is required to dismiss the action as soon as it makes such a determination.  See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

3

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). In addition, Section 1983 claims are governed by

4

a three-year statute of limitations.  See Owens v. Okure, 488 U.S. 235, 249-250, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002).  A Section 1983 claim accrues when the plaintiff knows or has reason to know of the harm.  Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009).

  A. <u>Plaintiff's Section 1983 Claim</u>

  Although Plaintiff does not allege the specific federal right allegedly violated by Defendant, given the nature of Plaintiff's allegations, the Court liberally construes his Complaint to allege a deliberate indifference.  Plaintiff does not allege whether he is a convicted prisoner or a pretrial detainee.  The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from inadequate medical care while the Eighth Amendment protects convicted prisoners from cruel and unusual punishment in the form of inadequate medical care.  Burks v. Nassau Cnty. Sheriff's Dep't, 288 F. Supp. 2d 298, 301-02 (E.D.N.Y. 2013).  Such distinction is of no moment because the standard for analyzing each claim is the same.  Id. at 302 (citation omitted); see also Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009) ("Claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment.").

5

### 1. Claim Against the Nassau County Sheriff's Department

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm [ ] of the County of Nassau, and thus lacks the capacity to sue or be sued as a separate entity") (internal quotation marks and citations omitted). Thus, Plaintiff's claim against the Nassau County Sheriff's Department is not plausible because it has no legal identity separate and apart from Nassau County. Accordingly, Plaintiff's claim against this Defendant is DISMISSED WITH PREJUDICE.

### 2. Claim Against the "John Doe" Corrections Officer

It is well-established that "not every lapse in medical care is a constitutional wrong." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006). A valid constitutional claim requires a plaintiff to demonstrate that the defendant was "deliberate[ly] indifferen[t] to [his] serious illness or injury." Estelle v. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). Deliberate indifference has an objective prong and a subjective prong. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir.

6

1996). The objective component requires that the deprivation be "sufficiently serious," creating a risk of "death, degeneration, or extreme pain." Id. (internal quotation marks omitted). The subjective component requires that "the charged official must act with a sufficiently culpable state of mind," which "is the equivalent of criminal recklessness." Id. Importantly, a prisoner's "mere allegations of negligent malpractice do not state a claim of deliberate indifference." Id.; see also Estelle, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Here, Plaintiff alleges that he ultimately was treated, albeit one hour after his injury, the Court interprets this claim as one for delay in the provision of medical treatment. "When the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone in analyzing whether the alleged deprivation is, in 'objective terms, sufficiently serious,' to support an Eighth Amendment claim." Smith v. Carpenter, 316 F.3d 178, 185 (2d Cir. 2003) (quoting Chance v. Armstrong, 143 F.3d 698,

7

702 (2d Cir. 1998)) (emphasis in original). "[A] delay in treatment does not violate the constitution unless it involves an act or failure to act that evinces 'a conscious disregard of a substantial risk of serious harm.'" Thomas v. Nassau Cnty. Corr. Ctr., 288 F. Supp. 2d 333, 339 (E.D.N.Y. 2003) (quoting Chance, 143 F.3d at 703). Thus, a plaintiff may establish a conscious disregard of a substantial risk of serious harm where, "for example[,] officials deliberately delayed care as a form of punishment, ignored a life-threatening and fast-degenerating condition for three days, or delayed major surgery for over two years." Espinal v. Coughlin, 98-CV-2579, 2002 WL 10450, at *3 (S.D.N.Y. Jan. 3, 2002) (internal quotations marks and citations omitted). In addition, "a prisoner must show that, as a result of the delay, 'his condition became worse or deteriorated.'" Lewis v. Sheridan, 12-CV-0031, 2014 WL 1096220 (N.D.N.Y. Mar. 19, 2014) (quoting Johnson v. Enu, 08-CV-0158, 2011 WL 3439179, at *10 (N.D.N.Y. July 13, 2011).

Here, Plaintiff does not allege that the one-hour delay in treatment is attributable to a "conscious disregard" of a "substantial risk of serious harm" to Plaintiff. Nor does Plaintiff allege that his condition became worse or deteriorated as a result of the brief delay. Thus, as is readily apparent, Plaintiff's sparse allegations do not allege a plausible deliberate indifference claim against the "John Doe" corrections officer.

Accordingly, Plaintiff's Section 1983 claim against this Defendant is DISMISSED WITHOUT PREJUDICE.

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Upon such consideration, the Court GRANTS Plaintiff leave to file an Amended Complaint in accordance with this Order by November 10, 2014. Any Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear docket number 14-CV-5203(JS)(SIL). Plaintiff's Amended Complaint will replace his original Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue should be included in his Amended Complaint. If Plaintiff fails to file an Amended Complaint within the time allowed, the Complaint shall be DISMISSED WITH PREJUDICE. If Plaintiff timely files an Amended Complaint it shall be reviewed pursuant to 28 U.S.C. § 1915A(a).

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED. Plaintiff's claim against the Nassau County Sheriff is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). Plaintiff's claim against the "John Doe" is DISMISSED WITHOUT PREJUDICE pursuant to

28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) and Plaintiff is GRANTED leave to file an Amended Complaint no later than November 10, 2014. Any Amended Complaint must be captioned as an "Amended Complaint" and must bear the same docket number as this Memorandum and Order, 14-CV-5203(JS)(SIL). If Plaintiff fails to amend his Complaint within the time allotted and/or the Amended Complaint fails to correct the deficiencies of the Complaint, the Court shall dismiss Plaintiff's claim against the "John Doe" Defendant with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October   9  , 2014
       Central Islip, New York